Charles M. Lizza
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Incyte Corporation and*
*Incyte Holdings Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INCYTE CORP. and INCYTE HOLDINGS CORP.,** | Civil Action No. _____ |
| **Plaintiffs,** | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **v.** | |
| **TARO PHARMACEUTICALS INC. and ZYDUS LIFESCIENCES LTD.,** | **(Filed Electronically)** |
| **Defendants.** | |

Plaintiffs Incyte Corporation and Incyte Holdings Corporation (together, "Incyte"), by their undersigned attorneys, for their Complaint against Defendants Taro Pharmaceuticals Inc. ("Taro") and Zydus Lifesciences Limited ("Zydus") (together, "Defendants") allege as follows:

### Nature of the Action

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq*., arising from Defendants' submissions of their respective Abbreviated New Drug Applications ("ANDAs") Nos. 219040 ("Taro's ANDA") and 218568 ("Zydus's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of

1

Incyte's Opzelura® (ruxolitinib) drug product prior to the expiration of United States Patent Nos. 10,758,543 (the "'543 patent"), 10,869,870 (the "'870 patent"), 11,219,624 (the "'624 patent"), 11,510,923 (the "'923 patent"), 11,571,425 (the "'425 patent"), 11,590,136 (the "'136 patent"), and 11,590,137 (the "'137 patent") (collectively, "the patents-in-suit") in the case of Taro, and prior to the expiration of the '923 and '137 patents in the case of Zydus. The patents-in-suit are owned by Incyte Corporation and/or Incyte Holdings Corporation.

## The Parties

2.      Plaintiff Incyte Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

3.      Plaintiff Incyte Holdings Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

4.      On information and belief, Defendant Taro is a corporation organized and existing under the laws of Canada, having a place of business at 130 East Drive, Brampton, Ontario L6T 1C1, Canada.

5.      On information and belief, Defendant Zydus is a corporation organized and existing under the laws of India, having a place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad 382481, Gujarat, India.

## The Patents-in-Suit

6.      On September 1, 2020, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '543 patent, entitled, "Topical Formulation for a JAK Inhibitor." A copy of the '543 patent is attached hereto as Exhibit A.

2

7.      On December 22, 2020, the USPTO duly and lawfully issued the '870 patent, entitled, "Topical Formulation for a JAK Inhibitor."  A copy of the '870 patent is attached hereto as Exhibit B.

8.      On January 11, 2022, the USPTO duly and lawfully issued the '624 patent, entitled, "Topical Formulation for a JAK Inhibitor."  A copy of the '624 patent is attached hereto as Exhibit C.

9.      On November 29, 2022, the USPTO duly and lawfully issued the '923 patent, entitled, "Ruxolitinib Formulation for Reduction of Itch in Atopic Dermatitis."  A copy of the '923 patent is attached hereto as Exhibit D.

10.      On February 7, 2023, the USPTO duly and lawfully issued the '425 patent, entitled, "Topical Formulation for a JAK Inhibitor."  A copy of the '425 patent is attached hereto as Exhibit E.

11.      On February 28, 2023, the USPTO duly and lawfully issued the '136 patent, entitled, "Topical Formulation for a JAK Inhibitor."  A copy of the '136 patent is attached hereto as Exhibit F.

12.      On February 28, 2023, the USPTO duly and lawfully issued the '137 patent, entitled, "Ruxolitinib Formulation for Reduction of Itch in Atopic Dermatitis."  A copy of the '137 patent is attached hereto as Exhibit G.

**The Opzelura® Drug Product**

13.      Incyte Corporation holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for Opzelura® (ruxolitinib) cream (NDA No. 215309).

14.     Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Opzelura®.

15.     The FDA-approved prescribing information for Opzelura® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer Opzelura® for, *inter alia*, the topical short-term and non-continuous chronic treatment of mild to moderate atopic dermatitis in non-immunocompromised adult and pediatric patients 12 years of age and older whose disease is not adequately controlled with topical prescription therapies or when those therapies are not advisable.

16.     The FDA-approved prescribing information for Opzelura® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer Opzelura® according to one or more of the methods claimed in the patents-in-suit.

**Jurisdiction and Venue: Taro**

17.     This Court has jurisdiction over the subject matter of Counts I through VII against Taro pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

18.     On information and belief, Taro is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

19.     This Court has personal jurisdiction over Taro pursuant to Federal Rule of Civil Procedure 4(k)(2), including because (a) Incyte's claims arise under federal law; (b) Taro is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Taro has sufficient contacts with the United States as a whole, including, without limitation, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to

4

sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Taro satisfies due process.

20.    On information and belief, Taro submitted ANDA No. 219040 seeking FDA approval to engage in the manufacture, use, importation, distribution, offer to sell, and/or sale of the generic drug product that is the subject of Taro's ANDA ("Taro's Proposed Product"), throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the patents-in-suit.

21.    On information and belief, this Judicial District is a likely destination for Taro's Proposed Product.

22.    On information and belief, Taro intends to benefit directly if its ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of Taro's Proposed Product.

23.    Taro has purposefully availed itself of the rights, benefits, and privileges of New Jersey, including by asserting counterclaims in this Court. *See, e.g.*, *Currax Pharms. LLC v. Taro Pharm. Indus., Ltd., et al.*, No. 24-7446 (D.N.J.); *Galderma Labs., LP, et al. v. Taro Pharms., Inc., et al.*, No. 24-333 (D.N.J.); and *Bausch Health Ireland Ltd., et al. v. Taro Pharms., Inc., et al.*, No. 23-2684 (D.N.J.).

24.    Venue is proper in this Judicial District for Taro pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), including, for example, because Taro is a company organized and existing under the laws of Canada and may be sued in any judicial district.

### **Jurisdiction and Venue: Zydus**

25.    This Court has jurisdiction over the subject matter of Counts VIII through IX against Zydus pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

26.     On information and belief, Zydus is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

27.     This Court has personal jurisdiction over Zydus pursuant to Federal Rule of Civil Procedure 4(k)(2), including because (a) Incyte's claims arise under federal law; (b) Zydus is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Zydus has sufficient contacts with the United States as a whole, including, without limitation, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Zydus satisfies due process.

28.     On information and belief, Zydus submitted ANDA No. 218568 seeking FDA approval to engage in the manufacture, use, importation, distribution, offer to sell, and/or sale of the generic drug product that is the subject of Zydus's ANDA ("Zydus's Proposed Product"), throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the patents-in-suit asserted against Zydus.

29.     On information and belief, this Judicial District is a likely destination for Zydus's Proposed Product.

30.     On information and belief, Zydus intends to benefit directly if its ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of Zydus's Proposed Product.

31.    Zydus has purposefully availed itself of the rights, benefits, and privileges of New Jersey, including by asserting counterclaims in this Court.  *See, e.g.*, *Salix Pharms., Inc., et al. v. Zydus Pharms. (USA) Inc., et al.*, No. 24-9512 (D.N.J.); *AstraZeneca Pharms. LP, et al. v. Zydus Pharms. (USA) Inc., et al.*, No. 24-10629 (D.N.J.); and *Intra-Cellular Therapies, Inc., v. Aurobindo Pharma Ltd. et al.*, No. 24-4264 (D.N.J.).

32.    Venue is proper in this Judicial District for Zydus pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), including, for example, because Zydus is a company organized and existing under the laws of India and may be sued in any judicial district.

### Acts Giving Rise to Counts I-VII Against Taro

33.    Pursuant to Section 505 of the FFDCA, Taro submitted ANDA No. 219040 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Taro's Proposed Product before the patents-in-suit expire.

34.    On information and belief, following FDA approval of Taro's ANDA, Taro will make, use, sell, or offer to sell Taro's Proposed Product throughout the United States, and/or import such generic product into the United States.

35.    On information and belief, in connection with the submission of ANDA No. 219040 as described above, Taro provided a written certification to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Taro's Paragraph IV Certification").

36.    No earlier than January 27, 2025, Taro sent to Incyte a written notice of Taro's Paragraph IV Certification ("Taro's Notice Letter").  Taro's Notice Letter alleged that the claims of the patents-in-suit are invalid and/or will not be infringed by the activities described in Taro's ANDA.  Taro's Notice Letter conveyed that Taro seeks approval to market Taro's Proposed Product before the patents-in-suit expire.

**Acts Giving Rise to Counts VIII-IX Against Zydus**

37.     Pursuant to Section 505 of the FFDCA, Zydus submitted ANDA No. 218568 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed Product before the '923 and '137 patents expire.

38.     On information and belief, following FDA approval of Zydus's ANDA, Zydus will make, use, sell, or offer to sell Zydus's Proposed Product throughout the United States, and/or import such generic product into the United States.

39.     On information and belief, in connection with the submission of ANDA No. 218568 as described above, Zydus provided a written certification to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Zydus's Paragraph IV Certification").

40.     No earlier than January 27, 2025, Zydus sent to Incyte a written notice of Zydus's Paragraph IV Certification ("Zydus's Notice Letter").  Zydus's Notice Letter alleged that the claims of the '923 patent and '137 patent are invalid and/or will not be infringed by the activities described in Zydus's ANDA.  Zydus's Notice Letter conveyed that Zydus seeks approval to market Zydus's Proposed Product before the '923 patent and '137 patent expire.

**Count I: Infringement of the '543 Patent by Taro**

41.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

42.     Taro's submission of ANDA No. 219040, with Taro's accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Taro's Proposed Product, prior

to the expiration of the '543 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

43.    There is a justiciable controversy between the parties hereto as to the infringement of the '543 patent.

44.    Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will infringe one or more claims of the '543 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.

45.    Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will induce infringement of one or more claims of the '543 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.  On information and belief, upon FDA approval of Taro's ANDA, Taro will intentionally encourage acts of direct infringement with knowledge of the '543 patent and knowledge that its acts are encouraging infringement.

46.    Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will contributorily infringe one or more claims of the '543 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.  On information and belief, Taro has had and continues to have knowledge that Taro's Proposed Product is especially adapted for a use that infringes one or more claims of the '543 patent and that there is no substantial non-infringing use for Taro's Proposed Product.

47.    Incyte will be substantially and irreparably damaged and harmed if Taro's infringement of the '543 patent is not enjoined.

48.    Incyte does not have an adequate remedy at law.

49.     This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count II: Infringement of the '870 Patent by Taro**

50.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

51.     Taro's submission of ANDA No. 219040, with Taro's accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Taro's Proposed Product, prior to the expiration of the '870 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

52.     There is a justiciable controversy between the parties hereto as to the infringement of the '870 patent.

53.     Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will infringe one or more claims of the '870 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.

54.     Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will induce infringement of one or more claims of the '870 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.  On information and belief, upon FDA approval of Taro's ANDA, Taro will intentionally encourage acts of direct infringement with knowledge of the '870 patent and knowledge that its acts are encouraging infringement.

55.     Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will contributorily infringe one or more claims of the '870 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United

10

States.  On information and belief, Taro has had and continues to have knowledge that Taro's

Proposed Product is especially adapted for a use that infringes one or more claims of the '870

patent and that there is no substantial non-infringing use for Taro's Proposed Product.

56.    Incyte will be substantially and irreparably damaged and harmed if Taro's

infringement of the '870 patent is not enjoined.

57.    Incyte does not have an adequate remedy at law.

58.    This case is an exceptional one, and Incyte is entitled to an award of its

reasonable attorneys' fees under 35 U.S.C. § 285.

### Count III: Infringement of the '624 Patent by Taro

59.    Incyte repeats and realleges the allegations of the preceding paragraphs as if

fully set forth herein.

60.    Taro's submission of ANDA No. 219040, with Taro's accompanying Paragraph

IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use,

sale, offer for sale, and/or importation into the United States of Taro's Proposed Product, prior

to the expiration of the '624 patent, constitutes infringement of one or more of the claims of

that patent under 35 U.S.C. § 271(e)(2)(A).

61.    There is a justiciable controversy between the parties hereto as to the

infringement of the '624 patent.

62.    Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will

infringe one or more claims of the '624 patent under 35 U.S.C. § 271(a) by making, using,

offering to sell, selling, and/or importing Taro's Proposed Product in the United States.

63.    Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will

induce infringement of one or more claims of the '624 patent under 35 U.S.C. § 271(b) by

making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United

11

States.  On information and belief, upon FDA approval of Taro's ANDA, Taro will intentionally encourage acts of direct infringement with knowledge of the '624 patent and knowledge that its acts are encouraging infringement.

64.    Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will contributorily infringe one or more claims of the '624 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.  On information and belief, Taro has had and continues to have knowledge that Taro's Proposed Product is especially adapted for a use that infringes one or more claims of the '624 patent and that there is no substantial non-infringing use for Taro's Proposed Product.

65.    Incyte will be substantially and irreparably damaged and harmed if Taro's infringement of the '624 patent is not enjoined.

66.    Incyte does not have an adequate remedy at law.

67.    This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count IV: Infringement of the '425 Patent by Taro

68.    Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

69.    Taro's submission of ANDA No. 219040, with Taro's accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Taro's Proposed Product, prior to the expiration of the '425 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

70.    There is a justiciable controversy between the parties hereto as to the infringement of the '425 patent.

71.    Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will infringe one or more claims of the '425 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.

72.    Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will induce infringement of one or more claims of the '425 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.  On information and belief, upon FDA approval of Taro's ANDA, Taro will intentionally encourage acts of direct infringement with knowledge of the '425 patent and knowledge that its acts are encouraging infringement.

73.    Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will contributorily infringe one or more claims of the '425 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.  On information and belief, Taro has had and continues to have knowledge that Taro's Proposed Product is especially adapted for a use that infringes one or more claims of the '425 patent and that there is no substantial non-infringing use for Taro's Proposed Product.

74.    Incyte will be substantially and irreparably damaged and harmed if Taro's infringement of the '425 patent is not enjoined.

75.    Incyte does not have an adequate remedy at law.

76.    This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count V: Infringement of the '136 Patent by Taro

77.    Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

13

78. Taro's submission of ANDA No. 219040, with Taro's accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Taro's Proposed Product, prior to the expiration of the '136 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

79. There is a justiciable controversy between the parties hereto as to the infringement of the '136 patent.

80. Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will infringe one or more claims of the '136 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.

81. Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will induce infringement of one or more claims of the '136 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States. On information and belief, upon FDA approval of Taro's ANDA, Taro will intentionally encourage acts of direct infringement with knowledge of the '136 patent and knowledge that its acts are encouraging infringement.

82. Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will contributorily infringe one or more claims of the '136 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States. On information and belief, Taro has had and continues to have knowledge that Taro's Proposed Product is especially adapted for a use that infringes one or more claims of the '136 patent and that there is no substantial non-infringing use for Taro's Proposed Product.

14

83.     Incyte will be substantially and irreparably damaged and harmed if Taro's infringement of the '136 patent is not enjoined.

84.     Incyte does not have an adequate remedy at law.

85.     This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count VI: Infringement of the '923 Patent by Taro

86.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

87.     Taro's submission of ANDA No. 219040, with Taro's accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Taro's Proposed Product, prior to the expiration of the '923 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

88.     There is a justiciable controversy between the parties hereto as to the infringement of the '923 patent.

89.     Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will infringe one or more claims of the '923 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.

90.     Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will induce infringement of one or more claims of the '923 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.  On information and belief, upon FDA approval of Taro's ANDA, Taro will intentionally encourage acts of direct infringement with knowledge of the '923 patent and knowledge that its acts are encouraging infringement.

15

91.     Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will contributorily infringe one or more claims of the '923 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.  On information and belief, Taro has had and continues to have knowledge that Taro's Proposed Product is especially adapted for a use that infringes one or more claims of the '923 patent and that there is no substantial non-infringing use for Taro's Proposed Product.

92.     Incyte will be substantially and irreparably damaged and harmed if Taro's infringement of the '923 patent is not enjoined.

93.     Incyte does not have an adequate remedy at law.

94.     This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count VII: Infringement of the '137 Patent by Taro

95.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

96.     Taro's submission of ANDA No. 219040, with Taro's accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Taro's Proposed Product, prior to the expiration of the '137 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

97.     There is a justiciable controversy between the parties hereto as to the infringement of the '137 patent.

98.     Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will infringe one or more claims of the '137 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.

99.     Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will induce infringement of one or more claims of the '137 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.  On information and belief, upon FDA approval of Taro's ANDA, Taro will intentionally encourage acts of direct infringement with knowledge of the '137 patent and knowledge that its acts are encouraging infringement.

100.    Unless enjoined by this Court, upon FDA approval of Taro's ANDA, Taro will contributorily infringe one or more claims of the '137 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Taro's Proposed Product in the United States.  On information and belief, Taro has had and continues to have knowledge that Taro's Proposed Product is especially adapted for a use that infringes one or more claims of the '137 patent and that there is no substantial non-infringing use for Taro's Proposed Product.

101.    Incyte will be substantially and irreparably damaged and harmed if Taro's infringement of the '137 patent is not enjoined.

102.    Incyte does not have an adequate remedy at law.

103.    This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count VIII: Infringement of the '923 Patent by Zydus

104.    Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

105.    Zydus's submission of ANDA No. 218568, with Zydus's accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's

17

Proposed Product, prior to the expiration of the '923 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

106.    There is a justiciable controversy between the parties hereto as to the infringement of the '923 patent.

107.    Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will infringe one or more claims of the '923 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Product in the United States.

108.    Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will induce infringement of one or more claims of the '923 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Product in the United States.  On information and belief, upon FDA approval of Zydus's ANDA, Zydus will intentionally encourage acts of direct infringement with knowledge of the '923 patent and knowledge that its acts are encouraging infringement.

109.    Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '923 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Product in the United States.  On information and belief, Zydus has had and continues to have knowledge that Zydus's Proposed Product is especially adapted for a use that infringes one or more claims of the '923 patent and that there is no substantial non-infringing use for Zydus's Proposed Product.

110.    Incyte will be substantially and irreparably damaged and harmed if Zydus's infringement of the '923 patent is not enjoined.

111.    Incyte does not have an adequate remedy at law.

112.    This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count IX: Infringement of the '137 Patent by Zydus**

113.    Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

114.    Zydus's submission of ANDA No. 218568, with Zydus's accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed Product, prior to the expiration of the '137 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

115.    There is a justiciable controversy between the parties hereto as to the infringement of the '137 patent.

116.    Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will infringe one or more claims of the '137 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Product in the United States.

117.    Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will induce infringement of one or more claims of the '137 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Product in the United States.  On information and belief, upon FDA approval of Zydus's ANDA, Zydus will intentionally encourage acts of direct infringement with knowledge of the '137 patent and knowledge that its acts are encouraging infringement.

118.    Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '137 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Product in the

United States.  On information and belief, Zydus has had and continues to have knowledge that Zydus's Proposed Product is especially adapted for a use that infringes one or more claims of the '137 patent and that there is no substantial non-infringing use for Zydus's Proposed Product.

119.    Incyte will be substantially and irreparably damaged and harmed if Zydus's infringement of the '137 patent is not enjoined.

120.    Incyte does not have an adequate remedy at law.

121.    This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

<u>**PRAYER FOR RELIEF AGAINST TARO**</u>

WHEREFORE, Plaintiffs Incyte respectfully request the following relief:

(A)    A Judgment that Taro has infringed the patents-in-suit by submitting ANDA No. 219040 with Taro's accompanying Paragraph IV Certification and notice to Incyte of same;

(B)    A Judgment that Taro has infringed, and that Taro's making, using, selling, offering to sell, and/or importing Taro's Proposed Product will infringe one or more claims of the patents-in-suit;

(C)    A Judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Taro's Proposed Product will directly infringe, induce infringement of, and/or contribute to infringement of the patents-in-suit;

(D)    An Order that the effective date of FDA approval of ANDA No. 219040 be a date which is not earlier than the later of the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(E)    Preliminary and permanent injunctions enjoining Taro and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from making,

20

using, offering to sell, selling, and/or importing Taro's Proposed Product until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(F)    A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Taro, its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any of the subject matter claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(G)    To the extent that Taro, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, has committed any acts with respect to the subject matter claimed in the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Incyte damages for such acts;

(H)    If Taro, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, engages in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Taro's Proposed Product prior to the expiration of the patents-in-suit, a Judgment awarding damages to Incyte resulting from such infringement, together with interest;

(I)    A Judgment declaring that the patents-in-suit remain valid and enforceable;

(J)    A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Incyte its attorneys' fees incurred in this action;

(K)    A Judgment awarding Incyte its costs and expenses incurred in this action; and

(L)    Such further and other relief as this Court may deem just and proper.

**PRAYER FOR RELIEF AGAINST ZYDUS**

WHEREFORE, Plaintiffs Incyte respectfully request the following relief:

(A)    A Judgment that Zydus has infringed the patents-in-suit asserted against Zydus by submitting ANDA No. 218568 with Zydus's accompanying Paragraph IV Certification and notice to Incyte of same;

(B)    A Judgment that Zydus has infringed, and that Zydus's making, using, selling, offering to sell, and/or importing Zydus's Proposed Product will infringe one or more claims of the patents-in-suit asserted against Zydus;

(C)    A Judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Zydus's Proposed Product will directly infringe, induce infringement of, and/or contribute to infringement of the patents-in-suit asserted against Zydus;

(D)    An Order that the effective date of FDA approval of ANDA No. 218568 be a date which is not earlier than the later of the expiration of the patents-in-suit asserted against Zydus, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(E)    Preliminary and permanent injunctions enjoining Zydus and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from making, using, offering to sell, selling, and/or importing Zydus's Proposed Product until after the expiration of the patents-in-suit asserted against Zydus, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(F)    A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Zydus, its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any of the subject matter claimed in the patents-in-suit asserted against Zydus, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit asserted against Zydus, until after the expiration of the patents-in-suit

22

asserted against Zydus, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(G)    To the extent that Zydus, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, has committed any acts with respect to the subject matter claimed in the patents-in-suit asserted against Zydus, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Incyte damages for such acts;

(H)    If Zydus, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, engages in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Zydus's Proposed Product prior to the expiration of the patents-in-suit asserted against Zydus, a Judgment awarding damages to Incyte resulting from such infringement, together with interest;

(I)    A Judgment declaring that the patents-in-suit asserted against Zydus remain valid and enforceable;

(J)    A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Incyte its attorneys' fees incurred in this action;

(K)    A Judgment awarding Incyte its costs and expenses incurred in this action; and

(L)    Such further and other relief as this Court may deem just and proper.

Dated: March 13, 2025

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Andrew S. Chalson
Catherine T. Mattes
Marta A. Godecki
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

Jihong Lou
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000

By:  s/ Charles M. Lizza
　　　 Charles M. Lizza
　　　 William C. Baton
　　　 Sarah A. Sullivan
　　　 Alexander L. Callo
　　　 SAUL EWING LLP
　　　 One Riverfront Plaza, Suite 1520
　　　 Newark, New Jersey 07102-5426
　　　 (973) 286-6700
　　　 clizza@saul.com

　　　 *Attorneys for Plaintiffs*
　　　 *Incyte Corporation and*
　　　 *Incyte Holdings Corporation*

24

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify, to the best of my knowledge, that this matter is related to *Incyte Corp., et al. v. Padagis Israel Pharmaceuticals Limited*, No. 23-21826 (MCA)(SDA) (D.N.J.) because it involves the same Plaintiffs, the same patents, and because Defendants are seeking to make generic versions of the same pharmaceutical products.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: March 13, 2025

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Andrew S. Chalson
Catherine T. Mattes
Marta A. Godecki
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

Jihong Lou
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000

By: s/ Charles M. Lizza
Charles M. Lizza
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Incyte Corporation and*
*Incyte Holdings Corporation*

25